UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRIAN KENNEDY,** individually on
behalf of himself,

      Plaintiff,

v.

**HIGHLAND FEED & SUPPLY CO**,
a Domestic Profit Corporation,
**MICHAEL J MAHER**,
Individually,

      Defendants.

CASE NO.:

**JURY DEMAND**

---

**COMPLAINT AND
<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, BRIAN KENNEDY, brings this Complaint for damages and demand for jury trial against HIGHLAND FEED & SUPPLY CO ("Highland") and MICHAEL J MAHER ("Maher") (collectively "Defendants"),  and states as follows:

**<u>JURISDICTION</u>**

1.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as this is an action arising under the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C § 216(b).

## PARTIES

3.      At all times material hereto, Plaintiff was a resident within the jurisdiction of the Eastern District of Michigan.

4.      At all times material hereto, Defendant Highland was, and continues to be a Domestic Profit Corporation engaged in business in Michigan.

5.      Defendant Michael J. Maher was, and continues to be, an employer as within the meaning of the FLSA in that he acted directly or indirectly, in the interest of Highland towards Plaintiff.

6.      Upon information and belief, at all times material hereto, Defendant Michael J. Maher was an individual resident of the state of Michigan and was the President of Highland.

7.      At all times material hereto, Defendant Michael J. Maher regularly exercised the authority to: (a) hire and fire employees of Highland; (b) control the finances and operations of Highland; (c) control significant aspects of the corporation's day-to-day operations, including the authority to set wages; (d) actively participate in the overall supervision of Highland; and (e) was ultimately in a position of authority over the business decisions that led to the FLSA violations.

8.    At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

9.    At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

10.    At all times material hereto, Defendants were, and continue to be, the "employers" within the meaning of FLSA.

11.    At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

12.    At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13.    Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14.    At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15.    At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16.    At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

3

17.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

18.     Defendant Highland is a retail establishment that sells farm and pet supplies.

19.     Plaintiff worked for Defendants as a as a non-exempt employee from approximately January 2015 to September 2018.

20.     Initially, Plaintiff worked for Defendants as a "customer sales associate" and was compensated on an hourly basis.

21.     In May 2017, Defendants changed Plaintiff's title to "Operations Manager," and changed his compensation structure to salary.

22.     However, Plaintiff continued to perform the same duties as he did as a customer sales associate and was not given additional responsibilities.

23.     Plaintiff spent the majority of his time performing traditionally non-exempt duties, which included customer service, loading items, and breaking down products.

24.     Plaintiff worked in excess of forty (40) hours in various weeks throughout the duration of his employment with Defendants.

25.      Plaintiff was not properly compensated for all his overtime hours worked during the relevant time period.

26.     Instead, Defendants systematically paid, and continue to pay, Plaintiff for substantially fewer hours than he actually worked.

27.     Defendants misclassified Plaintiff as an exempt "executive employee" despite the fact that Plaintiff did not have the authority or ability to carry out the performance of managerial functions.

28.     Defendants misclassified Plaintiff as an exempt "executive employee" despite the fact that Plaintiff did not manage two or more other full-time employees or their equivalent.

29.     Defendants misclassified Plaintiff as an exempt "executive employee" despite the fact that Plaintiff did not have the authority or ability to hire or fire individuals.

30.     Upon this misclassification, Defendants reported Plaintiff's income on a salary basis and did not account or compensate Plaintiff for the hours worked in excess of forty (40).

31.     Despite classifying Plaintiff as an exempt employee who was compensated on a salary basis, Defendants docked Plaintiff's pay when he worked reduced hours while recovering from a heart attack.

32.     At various material times throughout Plaintiff's employment, Defendants failed to pay Plaintiff at a rate of one and one-half times Plaintiff's

regular rate of pay for all hours worked in excess of forty (40) in a given workweek.

33.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as statutorily required by the FLSA.

34.    Defendants have violated Title 29 U.S.C. §207 in that:

    a.    Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendants;

    b.    No payments,  and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendants and as provided by the FLSA; and

    c.    Defendants failed to maintain proper time records as mandated by the FLSA.

35.     Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent him in the litigation.

## COUNT I
## <u>VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION</u>

36.     Plaintiff realleges and reincorporates paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.     Plaintiff worked in excess of forty (40) hours per week.

38.     Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

39.     Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

40.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

41.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they had knowledge, or should have known, such was, and is due to Plaintiff.

42.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

43.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

44.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

45.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

46.     Plaintiff demands a trial by jury.

## COUNT II
## DECLARATORY RELIEF

47.     Plaintiff realleges and reincorporates paragraphs 1 through 35 of the Complaint as if fully set forth herein.

48.     Plaintiff and Defendants have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

49.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

50.     Plaintiff may obtain declaratory relief.

51.     Defendants employed Plaintiff.

52.     Defendant Highland is an enterprise.

53.     Plaintiff was individually covered by the FLSA.

54.     Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

55.     Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

56.     Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

57.     Plaintiff is entitled to an equal amount of liquidated damages.

58.     It is in the public interest to have these declarations of rights recorded.

59.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

60.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a.    Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's hours worked in excess of forty (40) hours per work week while employed by Defendants;

b.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.    Awarding Plaintiff pre-judgment and/or post-judgment interest;

d.    Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions; Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime wage pursuant to the FLSA, Defendants failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

e.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    f.    Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

DATED this 31st day of May 2019.

Respectfully submitted,

By: */s/ Michael N. Hanna*
    Michael N. Hanna (P81462)
    Haba K. Yono (P81114)
    MORGAN & MORGAN, P.A.
    2000 Town Center, Suite 1900
    Southfield MI 48075
    (313) 739-1950
    (313) 739-1976 fax
    Email:   mhanna@forthepeople.com
              hyono@forthepeople.com

    Attorneys for Plaintiff