UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRIAN KENNEDY,** individually on
behalf of himself,

       Plaintiff,

vs.

       Case No. 2:19-cv-11608
       HON. Paul D. Borman

**HIGHLAND FEED & SUPPLY CO,**
a Domestic Profit Corporation,
**and MICHAEL J. MAHER,**
Individually,

       Defendants.

---

**MORGAN & MORGAN, P.A.**
MICHAEL N. HANNA (P81463)
HABA K. YONO (P81114)
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 739-1950/(248) 739-1976 (f)
mhanna@forthepeople.com
hyono@forthepeople.com

**GASIOREK, MORGAN, GRECO,**
**McCAULEY & KOTZIAN, P.C.**
DONALD J. GASIOREK (P24987)
ANGELA M. MANNARINO (P72374)
Attorneys for Defendants
30500 Northwestern Highway, #425
Farmington Hills, MI 48334
(248) 865-0001/(248) 865-0002 (fax)
dgasiorek@gmgmklaw.com
amannarino@gmgmklaw.com

---

## JOINT STIPULATION AND SETTLEMENT AGREEMENT

This Joint Stipulation and Settlement Agreement ("Settlement Agreement")

is made by and between Plaintiff Brian Kennedy ("Plaintiff Kennedy") and

Defendants Highland Feed & Supply Co. ("Highland Feed") and Michael J. Maher

("Maher") (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), in the above-captioned action ("Action").

## I.     PROCEDURAL HISTORY

On May 31, 2019, Plaintiff Kennedy filed this Action in the United States District Court for the Eastern District of Michigan alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. 201, *et. seq.*, ("FLSA").  Dkt. 1. More specifically, Plaintiff Kennedy alleged that Defendants violated the overtime provisions of the FLSA by failing to pay for all time worked in excess of forty hours per week.  Defendants filed their respective Answers to the Complaint on June 21, 2019.  Dkt. 9.  Defendants deny the allegations levied against them by Plaintiff Kennedy.

On or about September 20, 2019, this Court entered an Order of Referral to Facilitative Mediation Pursuant to E.D. Mich. L.R. 16.4. On or about October 16, 2019, the Parties agreed on a resolution of the claims raised in the Complaint.

## II.     BENEFITS OF SETTLEMENT

Defendants expressly deny any liability or wrongdoing of any kind associated with the claims in the Action and maintain that they have complied with all applicable laws at all times.  Plaintiff recognizes the expense and length of the proceedings necessary to continue the litigation against Defendants through trial and through any possible appeals.  Plaintiff has taken into account the uncertainty

and risk of the outcome of further litigation, the defenses raised by Defendants, and the difficulties and delays inherent in litigation.   Based on the foregoing, Plaintiff Kennedy, through advice and counsel from his attorneys, has determined the Settlement set forth in this Settlement Agreement is a fair, adequate, and reasonable settlement, and it is in his best interest.

### III.   DEFENDANTS' REASONS FOR SETTLEMENT

As noted above, though Defendants deny any liability or wrongdoing of any kind associated with the claims in the Action, they have nonetheless concluded that any further defense of this litigation would be protracted and expensive for all Parties.  Unless this Settlement is made, Defendants will need to devote substantial amounts of time, energy, and resources to the defense of the claims asserted by Plaintiff.  Defendants also have taken into account the uncertainty and risk of further litigation.  Defendants have, therefore, agreed to settle in the manner and upon the terms set forth in this Settlement Agreement to put to rest the Claims as set forth in the Action.

### IV.   SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Plaintiff, on the one hand, and Defendants, on the other hand, and subject to the approval of the Court, that the Action hereby be compromised and settled pursuant to the terms and conditions set forth in this Settlement Agreement and that upon

the Approval (as defined below), the Action shall be dismissed without prejudice and convert to a dismissal with prejudice after the third and final payment is made, subject to the recitals set forth hereinabove which, by this reference, become an integral part of this Settlement Agreement and subject to the following terms and conditions:

### 1. **Approval Date and Effective Date**

As used in this Settlement, "Approval" means the date by which this Settlement is approved as provided herein and the Court enters a Judgment and Order of Dismissal ("Judgment").

### 2. **Release of Claims**

A. **General Release of Claims by Plaintiff.**  To the maximum extent permitted by law, Plaintiff generally release the Releasees from any and all claims, actions, causes of action, lawsuits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever, whether in law or equity, known or unknown, which against the Releasees Plaintiff and his heirs, executors, administrators, successors, and assigns, ever had, may now have, or hereafter later determine that he has or had upon, or by reason of, any cause or thing whatsoever, including, but not limited to relating to his employment (or alleged employment or joint employment) or termination of employment with

any of the Defendants or Releasees, including, but not limited to, claims arising

under the Americans With Disabilities Act, the Age Discrimination in Employment

Act, the National Labor Relations Act, the Fair Labor Standards Act, the Equal Pay

Act, the Employee Retirement Income Security Act of 1974, 29 U.S.C.  § 1001 et

seq., including but not limited to, breach of fiduciary duty and equitable claims to

be brought under §1132(a)(3) of the Employee Retirement Income Security Act

("ERISA"), the Worker Adjustment and Retraining Notification Act, Title VII of

the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Civil

Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights

Act, the Family and Medical Leave Act, the Elliott-Larsen Civil Rights Act,

Michigan Persons With Disabilities Civil Rights Act, Michigan Equal Pay Law,

Michigan Whistleblower's Protection Act, Michigan Minimum Wage Law of

1964, Michigan Payment of Wages and Fringe Benefits Law, Sales

Representatives Commission Act, if applicable, Michigan WARN Laws, Bullard-

Plawecki Employee Right to Know Act, Social Security Number Privacy Act,

Internet Privacy Protection Act, Michigan Occupational Safety and Health Act,

and/or any other federal, state or local human rights, civil rights, wage-hour,

pension or labor law, rule, statute, regulation, constitution or ordinance and/or

public policy, contract or tort law, or any claim of retaliation under such laws, or

any claim of breach of any contract (whether express, oral, written or implied from

any source), or any claim of unjust enrichment, intentional or negligent infliction of emotional distress, tortious interference with contractual relations, wrongful or abusive or constructive discharge, defamation, prima facie tort, fraud, negligence, loss of consortium, malpractice, breach of duty of care, breach of fiduciary duty or any action similar thereto against Releasees, including any claim for attorneys' fees, expenses or costs based upon any conduct from the beginning of the world up to and including the Effective Date; provided, however, that Plaintiff does not waive any right to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), subject to the condition that they agree not to seek, or in any way obtain or accept, any monetary award, recovery or settlement therefrom; and further provided, however, that Plaintiff does not release any claim for breach of the terms of the Agreement.

This Settlement is intended to include in its effect all claims identified in this Section, including claims that Plaintiff does not know or suspect to exist in his favor against Releasees as of the Effective Date.   Plaintiff agrees and acknowledges that he has had the opportunity to seek the advice of counsel and that this is a knowing and voluntary waiver.  Plaintiff shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he may otherwise have had relating to the claims identified in this Section.

Plaintiff further agrees and acknowledges that he has not made any claims or allegations related to sexual harassment or sexual abuse, and none of the payments to him as set forth in this Agreement are related to sexual harassment or sexual abuse.

B. <u>No Re-Employment</u>. Plaintiff hereby agrees that he shall not seek and hereby waives any claim for employment or re-employment (as a full-time or part-time employee) or assignment or work (as a temporary worker, independent contractor or consultant) or, in the event of a merger or acquisition, continued employment or assignment or work or any other position in which they receive payment either directly or indirectly from any of the Releasees, and that his General Release shall be a complete bar to any such application, employment, continued employment, re-employment, or work.

C. <u>Mutual Non-Disparagement and No Contact</u>.  The Parties hereby agree and covenant that neither shall at any time make, publish, or communicate to any person or entity or in any public forum (i) any defamatory, maliciously false, or disparaging remarks, comments, or statements concerning the other or their businesses, or any of its employees, officers, or directors and its existing and prospective customers, suppliers, investors, and other associated third parties, now or in the future, or (ii) any remarks comments, or statements that are intended to or reasonably likely to otherwise degrade the either Party's business reputation.

The Parties further agree that after the termination of litigation, neither Plaintiff nor Defendants will have any intentional contact with the other party by any means whatsoever. This includes, but is not limited to, visiting the other party's place of residence, visiting the other party's place of business, and having any electronic contact with the other party or directing someone else to have electronic contact with the other party whether that contact be via the internet, telephone, or any other electronic means.

This Section does not in any way restrict or impede Plaintiff from exercising protected rights, including rights under the National Labor Relations Act (NLRA) or the federal securities laws, including the Dodd-Frank Act, to the extent that such rights cannot be waived by agreement or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation, or order.

D. <u>Cooperation Not Prohibited</u>. Nothing in this Release shall prohibit or restrict Plaintiff or Releasees, from: (i) providing information to or cooperating with Congress, the Securities and Exchange Commission ("SEC"), the Commodity Futures Trading Commission ("CFTC"), the Consumer Financial Protection Bureau ("CFPB"), the EEOC, the Occupational Safety and Health Administration ("OSHA"), the National Labor Relations Board ("NLRB"), Department of Justice

("DOJ") or any other federal, state, or local government, regulatory, or law enforcement agency ("Government Agencies"), the Financial Industry Regulatory Authority ("FINRA") or the "New York Stock Exchange, Inc. ("NYSE"), or any other self-regulatory organization ("SRO"); (ii) reporting to any of the Releasees' management or directors regarding conduct the employee believes to be in violation of the law or prohibits or restricts the employee from providing information to or cooperating with any Government Agencies or any SROs; (iii) communicating with any Government Agencies or SRO or otherwise participating in any investigation or proceeding that may be conducted by any Government Agency or SRO, including providing documents or other information; or (iv) receiving an award for information provided to any Government Agencies other than for charges filed with the EEOC or corresponding state or local agency as set forth above. Plaintiff may also disclose confidential information, including trade secrets, to (a) any government, regulatory or self-regulatory agency, including under Section 21F of the Securities and Exchange Act of 1934, Section 23 of the Commodity Exchange Act of 1936, or Section 7 of the Defend Trade Secrets Act of 2016 ("Defend Trade Secrets Act") and the rules thereunder, or (b) an attorney in connection with the reporting or investigation of a suspected violation of law or to an attorney or in a court filing under seal in connection with a retaliation or other lawsuit or proceeding, as permitted under the Defend Trade Secrets Act.

Plaintiff does not need the prior authorization of Defendants to make these disclosures or provide evidence or other information to any government, regulatory, or self-regulatory agency, and Plaintiff is not required to notify Defendants that they have done so.

E. <u>Other Legal Actions.</u> Plaintiff further covenants that he will not participate in any other legal actions against Defendants for claims released by this Settlement, and will not opt-in, will withdraw any opt-in, will dismiss the action or himself from the action in actions where he is a claimant, plaintiff or appellant, and will opt-out of those actions if he becomes aware of such actions.

F. <u>Return of Property.</u> Plaintiff certifies that he has returned all property of the Defendants or any Releasees in their possession or control, including without limitation, equipment, telephones, credit cards, keys, pagers, tangible proprietary information, documents, computers and computer discs, personal data assistants, files and data, which they prepared or obtained during the course of their employment, or alleged employment or joint employment, with any of the Defendants with the exception of any personnel, human resources, or pay records provided to them by any of the Defendants.

3.   **<u>Settlement Payment</u>**

(a)   Defendants agree to pay Twelve Thousand Dollars ($12,000), which shall resolve and satisfy all monetary obligations under this Agreement,

including all attorneys' fees, litigation costs, payments to Plaintiff, all payroll taxes and all other applicable taxes (with the sole exception and exclusion of any employer's share of payroll taxes as described in Section 4).

(b)   The payments pursuant to Section 3 shall be considered compensation for disputed unpaid wages, penalties, and interest, as set forth in Section 3, during the period of employment or alleged employment or joint employment with any of the Defendants by the Plaintiff.

(c)   The Settlement shall be allocated as follows, subject to Court approval:

(1)   Payment of Six Thousand Dollars ($6,000.00) to Plaintiff Brian Kennedy;

(2)   A sum of Six Thousand Dollars ($6,000.00) in reasonably incurred fees and costs to be paid for Plaintiff's attorneys' fees and litigation costs (as explained in Paragraph -- below);

(d)   The settlement payment will be broken down into three (3) payments. The first payment will be made within five (5) days of the Court approving this Settlement, the second payment to be made on or before November 30, 2019, and the final payment to be received by Plaintiff on or before December 31, 2019.

4.    **Plan of Allocation for Payment to Plaintiff**

(a)    For income and payroll tax purposes, the Parties agree that one hundred percent (100%) of the Six Thousand Dollars ($6,000.00) payable to Plaintiff Kennedy shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), Defendant Highland Feed shall be responsible for withholding the employee's share of any applicable payroll taxes from that portion of each settlement payment allocated to wages. Defendant Highland Feed shall pay, separate and apart from the Settlement Payment, the employer's share of all applicable state and federal payroll taxes on the checks distributed to Plaintiff for his portion of the Settlement. Defendant Highland Feed shall issue to Plaintiff a Form W-2, reporting the portion of the Settlement allocated to wages. Other than the withholding and reporting requirements herein, Plaintiff shall be solely responsible for the reporting and payment of his share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

(b)    Defendant Highland Feed shall be responsible for determining the employer's share of payroll employment taxes on Settlement Payments to Plaintiff.

(c)    In the event a tax authority subsequently determines Plaintiff owes any additional taxes with respect to any money distributed under this

Settlement Agreement, it is expressly agreed that the determination of any tax liability is between the Plaintiff and the tax authorities, and Defendants will not be responsible for the payment of such taxes, including any interest and penalties. No payments made to Plaintiff in this Settlement Agreement will be considered wages for purposes of calculating, or recalculating, benefits provided by Defendant Highland Feed under the terms or conditions of any employee benefit plan.

### 5.   **Fees Award**

(a)   As a part of the Parties' joint motion for approval of the settlement, Plaintiff's Counsel seeks a portion of the Settlement Fund as attorneys' fees and costs in the amount of Six Thousand Dollars ($6,000.00). Defendants agree not to oppose a request by Plaintiff's Counsel for Court approval of a fees and costs award from the Settlement Fund in this amount.

(b)   The fees and costs award approved by the Court shall be paid by Defendants to Plaintiff's Counsel, subject to the payment schedule set forth in Section 3(d), above.

(c)   The payment of the fees and costs award to Plaintiff's Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of the Plaintiff, and shall relieve Defendants, the Released Parties, and Defendants' Counsel of any other claims or liability to any other

attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Plaintiff. In exchange for such payment, Plaintiff's Counsel will release and forever discharge any attorneys' lien on the Settlement.

       (d)    Plaintiff's Counsel's request for attorneys' fees and costs, which was negotiated separately in mediation, is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Plaintiff's Counsel's request for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on this Agreement.

**6.**     **Responsibilities of Defendants**

Defendants shall:

       (a)    Perform all duties as stated in this Settlement Agreement.

       (b)    Refrain from initiating communications with Plaintiff regarding the Settlement.

**7.**     **Notice/Approval of Settlement and Settlement Implementation**

As part of this Settlement, the Parties agree to the following procedures for obtaining Court approval of the Settlement:

       (a)    <u>Stipulation for Approval</u>. Plaintiff shall file this Stipulation and Order Approving Settlement, below, as soon as practicable.

8.     **<u>Entry of Judgment</u>**

Along with this Stipulation, the Parties have presented a Judgment and Order of Dismissal to the Court for its approval, attached hereto as Exhibit A.

9.     **<u>Defendants' Legal Fees and Settlement Administration Costs</u>**

All of Defendants' own legal fees, costs and expenses incurred in this Action shall be borne by Defendants.

10.     **<u>Nullification of Settlement Agreement</u>**

This Settlement Agreement is contingent upon the approval by the Court for settlement purposes. Defendants do not waive, and instead expressly reserve, all rights and defenses in the Action, including without limitation their right to contest the merits of Plaintiff's claims as if this Settlement Agreement had not been entered into by the Parties in the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not approve the Settlement Agreement as provided herein; (iii) the Court does not enter a Judgment as provided herein, which becomes final as a result of the occurrence of the Approval; or (iv) the Settlement Agreement does not become final for any other reason. In such a case, this Settlement Agreement shall be null and void; any order or judgment entered by the Court in furtherance of this Settlement Agreement shall be treated as void *ab initio*; the Parties and any funds to be awarded under this Settlement Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement; and the Parties shall proceed

in all respects as if this Settlement Agreement had not been executed. All negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Action will be inadmissible and remain confidential to the fullest extent permitted by law. In the event an appeal is filed from the Court's Judgment, or any other appellate review is sought prior to the Approval, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

Notwithstanding the foregoing, if any order entered in this Action results in materially modifying, setting aside, or vacating any portion of the Settlement Agreement, with the exception of any modification of the amount of attorneys' fees and costs to be paid to Plaintiff's Counsel, each party adversely impacted by the order or failure shall have the absolute right, at its sole discretion, to treat such order or failure as an event permanently preventing Approval. To exercise this right, the party must inform the other party, in writing, of the exercise of this right, within fourteen (14) days of receiving notice of any order modifying, setting aside, or vacating any portion of this Settlement Agreement. Before either party elects to exercise its right to treat such order as an event permanently preventing Approval, that party must meet and confer in good faith with the other party to determine if an agreement can be reached modifying this Settlement Agreement to the mutual satisfaction of the Parties.

11. **No Effect on Employee Benefits**

The Settlement payments paid to Plaintiff shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (*e.g.*, 401(k) plans, retirement plans, etc.) of Plaintiff. The Parties agree that any Settlement payments paid to Plaintiff under the terms of this Settlement Agreement do not represent any modification of their previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendant Highland Feed.  Further, any Settlement payments paid to Plaintiff Kennedy hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Defendant Highland Feed.

12. **Amendment or Modification**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest and approved by the Court.

13. **Entire Agreement**

This Settlement Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties

or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

**14.     Authorization to Enter Into Settlement Agreement**

Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

**15.     Binding on Successors and Assigns**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

**16.     Michigan Law Governs**

All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Michigan.

**17.**    **Counterparts**

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

**18.**    **This Settlement is Fair, Adequate, and Reasonable**

The Parties warrant and represent that they have conducted a thorough investigation of the facts and allegations in the Action.  The Parties further represent and warrant that they believe this Settlement Agreement represents a fair, adequate and reasonable settlement of this Action and that they have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement Agreement was reached after extensive negotiations, and the Plaintiff's attorneys' fees and costs were negotiated seperately.

**19.**    **Jurisdiction of the Court**

The Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

**20.     Cooperation and Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement.   Hence, in any construction made to this Settlement Agreement, the same shall not be construed against any of the Parties.

**21.     Invalidity of Any Provision**

Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

**22.     Circular 230 Disclaimer**

Each Party to this Settlement Agreement acknowledges and agrees that (1) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) each Party (a) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (b) has not entered into this Settlement Agreement based upon the recommendation of any Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or

disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.

**IT IS SO ORDERED.**

NOV **13** 2019      _____

HON. PAUL D. BORMAN

**STIPULATED AND AGREED
AS TO FORM AND SUBSTANCE:**

MORGAN & MORGAN, P.A.

BY:/s/Michael N. Hanna
Michael N. Hanna (P81463)
Attorneys for Plaintiff

GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.

BY: /s/*Angela Mannarino*
Angela Mannarino (P72374)
Attorneys for Defendants

AGREED AND ACCEPTED on this __11__ day of __November__, 2019.

Brian Kennedy (Nov 11, 2019)

Brian Kennedy

AGREED AND ACCEPTED on this __11__ day of __november__, 2019.

Highland Feed & Supply Co.

By: __Michael J Maher__

Printed Name:  Michael Maher

Printed Title:  President

AGREED AND ACCEPTED on this __11__ day of __November__, 2019.

__Michael J. Maher__

Michael J. Maher